# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| **RASHUNUS PEARSON (#431362)** | ) | |
| | ) | |
| **Plaintiff,** | ) | No. 3:15-cv-00501 |
| | ) | Judge Campbell |
| v. | ) | |
| | ) | |
| **(f/n/u) WYATT, KYLE PARKS,** | ) | |
| **and MINDY MORRIS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## M E M O R A N D U M

Plaintiff Rashunus Pearson, a pre-trial detainee currently held by the Davidson County Sheriff's Office, filed this *pro se, in forma pauperis* action against defendants Davidson County Criminal Court Judge Randall Wyatt, attorney Kyle Parks, and assistant district attorney Mindy Morris, pursuant to Section 601 of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI"), alleging race discrimination. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

Under the PLRA, the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The court must read the plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L.Ed.2d 652 (1972), and accept the plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504

U.S. 25, 33, 112 S. Ct. 1728, 118 L.Ed.2d 340 (1992).

The complaint alleges that the defendants have discriminated and are continuing to discriminate against the plaintiff because the plaintiff is "a black male that was with a foreign female, and they want [him] to serve time because of [his] background." (Docket No. 1 at p. 2). The plaintiff alleges a violation of § 1981, which provides in pertinent part that:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981.

To state a claim under Section 1981, the plaintiff must allege (1) membership in a racial minority; (2) that defendants intended to discriminate on the basis of race; and, (3) discrimination concerning one of the activities enumerated in § 1981. *King v. City of Eastpointe*, 86 Fed. Appx. 790, 800 (6th Cir. 2003). These allegations should be supported by specific acts, practices, or policies which resulted in the alleged discrimination. *Id*.

Essentially, the complaint commits to writing the plaintiff's belief that he has not been treated fairly by the judge presiding over the plaintiff's state criminal proceedings, the assistant district attorney prosecuting the plaintiff, and the plaintiff's own lawyer; the reason the plaintiff believes the defendants have not treated him fairly is because of the plaintiff's race and relationship with "a foreign woman." (Docket No. 1). Although the complaint generally alleges that the defendants discriminated against the plaintiff, the complaint does not include any specific allegations that plaintiff was discriminated against concerning one of the activities enumerated in Section 1981

2

because of his race. "This court has adopted the requirement that a plaintiff allege with particularity all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). Such "conclusory, unsupported statements" are "insufficient to state a claim." *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Accordingly, the plaintiff's claims brought pursuant to 42 U.S.C. § 1981 must be dismissed.[1]

Further, 42 U.S.C. § 1983 provides the exclusive remedy for state actors sued in their official capacities for violations of the rights guaranteed under 42 U.S.C. § 1981. *Grinter v. Knight*, 532 F.3d 567 (6th Cir. 2008)(finding that, "§ 1983 provides an exclusive remedy for violations against state actors sued in their official capacities"; thus "[a]n official capacity lawsuit against . . . a state actor, for constitutional violations, such as race discrimination, cannot be brought under § 1981."). Thus, to the extent that the plaintiff brings his Section 1981 claim against any defendant in his or her official capacity, his claim must be dismissed.

Although it is unclear from the complaint what state criminal charges are pending against the plaintiff, the plaintiff has filed a "Motion for Bill of Particulars" (Docket No. 5) in which it appears the plaintiff is asking this court to interfere with an ongoing state criminal prosecution. To the extent that the complaint asks the court to intervene in the pending state criminal proceedings against the plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v.*

---

[1] Attached to the plaintiff's complaint is a completed form entitled "Title VI Discrimination Complaint" for the Metropolitan Government of Nashville and Davidson County. (Docket No. 1 at p. 2). If the plaintiff wishes to file a complaint alleging discrimination against a department or entity within the Metropolitan Government of Nashville and Davidson County, the complaint should be filed with the Title VI Coordinator, not with this court.

3

*Harris*, 401 U.S. 37, 46 (1971). It is also clear that a federal court may *sua sponte* raise the issue of *Younger* abstention. *Bellotti v. Baird*, 428 U.S. 132, 143-44 n.10 (1976). *Younger* abstention applies where the federal plaintiff seeks injunctive or declaratory judgment relief. *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1074 (6th Cir. 1998).

In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, a state criminal prosecution of the plaintiff appears to be underway. Second, there can be no doubt that state criminal proceedings implicate important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, there is no indication in the record before the court at this time that the state court would refuse to consider the plaintiff's constitutional claims; thus, presumably the state court proceedings provide an adequate forum in which the plaintiff can raise any constitutional challenges. If the plaintiff raises his constitutional challenges in state court and the trial court denies

4

or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Tennessee law. The plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979)(quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). In order to overcome the bar of *Younger* abstention, a petitioner must do more than set forth mere allegations of bad faith or harassment. *See Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997)). The plaintiff has not established that any exception to the *Younger* doctrine is warranted in this case.

In conclusion, having conducted the review required by the PLRA, the court determines that the plaintiff's § 1981 claims must be dismissed. Likewise, the plaintiff's "Motion for Bill of Particulars" (Docket No. 5) will be denied.

An appropriate order will enter.

Todd J. Campbell
United States District Judge